UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Reliance Insurance Company,

Plaintiffs,

vs.

Arcadia Financial, Ltd.,

Defendant.

Court File No. 00-CV-189 RHK/JMM

**STIPULATION AND ~~PROPOSED~~ ORDER**

---

**STIPULATION**

The parties hereto, by their undersigned counsel, hereby stipulate and agree to the attached Confidentiality Order.

Dated: 7/10/, 2000

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By: [signature]
Richard B. Allyn, #1338
Morgan J.E. Hanson, #294536
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFF

Dated: 5/31, 2000

KELLY & BERENS, P.A.

By: [signature]
Madge S. Thorsen, #109666
David M. Reizes, #287817

FILED JUL 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Elizabeth J. Fallon, #298785
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6171

ATTORNEYS FOR DEFENDANT

**ORDER**

The Court hereby adopts the foregoing stipulation of counsel as its order and, based thereon, shall issue the attached Confidentiality Order.

Dated: 7/19/00

The Honorable John M. Mason
Judge of United States
District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Reliance Insurance Company,

Plaintiff,

v.

Arcadia Financial, Ltd.,

Defendant.

Case No. 00-CV-189 RHK/JMM

**CONFIDENTIALITY ORDER**

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. 26(c) and with the consent of the parties, it is

ADJUDGED as follows:

1. All documents produced in this Action that are designated "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" pursuant to the terms of this Order shall be used solely for purposes of the preparation and trial of the Action before this Court captioned Reliance Insurance Company v. Arcadia Financial, Ltd., Case No. 00-CV-189 RHK/JMM, including appeals and retrials, and shall not be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings, except as set forth below or expressly authorized in writing by the producing party. As used herein, the term "parties" means and includes all parties to this Action.

In the event any party wishes to use documents produced in this Action in a similar action to be filed in another jurisdiction, written permission shall first be requested from the party producing the documents. If permission for such use is not granted within 10 days, the party wishing to use the documents in the new action shall first obtain permission of this Court.

2. Any party or nonparty in this Action may stamp as "CONFIDENTIAL-SUBJECT TO COURT ORDER" documents produced in discovery in this Action, together with pleadings, deposition transcripts, and any other information derived from such documents which contain trade secrets, proprietary information, customer lists, financial data, pricing, underwriting or actuarial data, and other information which may reasonably be subject to protection under Fed. R. Civ. P. 26(c).

3. Documents designated "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall be shown only to the parties, the attorneys for the parties (including partners, associates, paralegals, clerical and support personnel), employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services, the parties' experts and consultants, actual or potential witnesses, officials of this Court (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court), and other persons whom the attorneys or the Court deem necessary to review the documents for the prosecution or defense of this Action. Each person (other than Court officials, and clerical and support personnel employed by the attorneys in this Action) who is permitted to see "CONFIDENTIAL-SUBJECT TO COURT ORDER" documents shall first be shown a copy of this Order and advised that the information contained in the documents is deemed to be confidential and informed that the person is bound by the Order and that an unauthorized disclosure of the information in the documents may be sanctionable, including a contempt of this Court.

4. Any party or nonparty producing documents under subpoena in this Action may stamp as "CONFIDENTIAL-ATTORNEYS EYES ONLY- SUBJECT TO COURT ORDER" documents produced in this Action which may reasonably be subject to the protections of Fed. R. Civ. P. 26(c) and, further, which are so competitively sensitive that their disclosure to persons other than in-house and outside counsel for the parties in this Action would be competitively harmful. It is contemplated that documents in this category will be limited primarily to those which set forth or relate to any market practice or conduct that has occurred after January 1, 1996, and those trade secrets, proprietary information, customer lists, financial data, pricing, underwriting or actuarial data and other information that has current application and would be of value to a competitor. Documents stamped "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" may be disclosed only to in-house and outside counsel for the parties who are actively engaged in the conduct of this Action; to the partners, associates, paralegals, clerical and support personnel of such counsel to the extent reasonably necessary to render professional services in the Action; and to officials of this Court (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(b) to persons noticed for depositions or actual or potential witnesses and their respective counsel in this Action; to outside consultants or experts retained for the purpose of assisting counsel in this Action; to one inside consultant or expert; and to employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services; provided, however, that in all such cases the person to whom disclosure is to be made has been shown a copy of this Order and advised that the

information contained in the documents is highly confidential and informed that the person is bound by the Order and that an unauthorized disclosure of the information in a document stamped "CONFIDENTIAL-ATTORNEYS EYES ONLY- SUBJECT TO COURT ORDER" may be sanctionable, including a contempt of this Court.

(c) After disclosing a stamped "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" document to any person listed in subparagraph (a) or (b) currently employed by a party other than the party who produced the document, counsel for the party making such disclosure shall inform in writing to the counsel who designated such information as "CONFIDENTIAL - ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER," stating the names and addresses of the person(s) to whom the disclosure was be made, and identifying the categories of documents to be disclosed with reasonable particularity every 21 days. If, the party who produced the document objects to its disclosure, it may file a motion seeking sanctions with the Court, including suppression of the evidence. The Court will then decide if the disclosure is sanctionable, including a contempt of this Court. The Court will deny the motion unless counsel for the party wishing to oppose disclosure shows good cause why the disclosure should not have been permitted.

(d) Part (c) of Paragraph 4 shall not apply to non-testifying outside experts or consultants.

5. In-house counsel who receive documents which are stamped CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" shall take reasonable steps to insure that such documents are not used for business purposes and that other employees ("business people") do not gain access to such documents or the information contained therein unless such information is gained independently of such documents. If a party believes that any employee other than in-house counsel should have access to any such documents, a request shall

be made to counsel for the producing party to permit that employee to have access. If the request for access is not granted within 5 business days, the party requesting access shall have the right to apply to the Court for appropriate relief.

6. If a party believes that a document designated or sought to be designated as either "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" by the producing party does not warrant such designation, the party may move the court for relief, after compliance with Local Rule 37.1. The burden rests on the party seeking "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY- SUBJECT TO COURT ORDER" treatment to demonstrate that such designation is proper.

7. At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" specific portions of the transcript and any videotape which contain reference to documents and information under the standards set forth in paragraphs 3 and 4 above. This designation shall be in writing and served upon all counsel of record. All transcripts and videotapes will initially be treated as "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" for this 10-day period. Any portions of a transcript or videotape designated as either "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" shall thereafter be treated in accordance with this Order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as either "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" and only those briefs, applications and other filings which contain such confidential information verbatim or which set forth the substance of such confidential information.

8. In the event any party files any "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" documents with the Court or documents which contain such confidential information verbatim or which set forth the substance of such confidential information, such party shall file such documents under seal.

9. Counsel for a party may show documents stamped "CONFIDENTIAL-SUBJECT TO COURT ORDER" or "CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO COURT ORDER" to a deponent during a deposition or to a witness during a trial or hearing and their respective counsel without providing prior notice to the producing party. However, before doing so, the deponent or witness shall be shown a copy of this Order and advised that the information contained in the documents is highly confidential and informed that the deponent or witness is bound by the Order and that an unauthorized disclosure of the information in the documents may be sanctionable, including a contempt of this Court.

10. The provisions of this Order shall not terminate at the conclusion of this Action. Within 120 days after final conclusion of this Action and the other actions described in paragraph 1, all documents and copies of same that were produced by a party (other than exhibits of record) shall either be returned to the party that produced such documents or destroyed. Upon request of the producing party, all counsel of record who received the documents shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final conclusion of the Action.

11. Nothing in this Order shall constitute an admission that any designation of confidentiality hereunder is proper or permitted and nothing shall prevent any party or other person from waiving the protection of this Order or from seeking modification of this Order or additional protection for particular documents.

12. Review of the stamped documents and information contained therein by counsel, witnesses, experts, consultants for the parties in this Action or any other person pursuant to this

Order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or in camera disclosure of stamped documents and information contained therein shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to object to discovery or to contest the alleged relevancy or admissibility of the documents produced subject to the terms of this Order or to contest the confidentiality of the documents stamped pursuant to this Order.

14. To the extent documents have been publicly filed, this Agreement does not apply. To the extent that documents originated from Arcadia or Alice Rawlings, this Agreement only applies to documents designated "CONFIDENTIAL - SUBJECT TO COURT ORDER" or "CONFIDENTIAL - ATTORNEYS EYES ONLY - SUBJECT TO COURT ORDER" by Alice Rawlings or Arcadia.

**DONE AND ORDERED** in Chambers at the United States District Court, ___________, Minnesota on 7/19, 2000.

John M. Mason
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

# Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.